UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| WESLEY PROCTOR, JR., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Docket No. 05-72-B-W |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDATION[1]

The plaintiff in this Supplemental Security Income ("SSI") appeal contends that the administrative law judge's conclusion that he is capable of returning to his past relevant work is not supported by substantial evidence. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from an alcohol abuse disorder,[2] affective/mood disorder and anxiety, impairments that were severe but which did not meet or medically equal the criteria of any impairment listed in Appendix 1 to Subpart P, 20 C.F.R. Part 404 (the "Listings"), Findings 3-4, Record at 16-17; that the plaintiff's allegations concerning his

---

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on November 29, 2005, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority and page references to the administrative record.

[2] The parties agree that alcoholism is not a contributing factor material to the determination of disability in this case. *See* 20 C.F.R. § (*continued on next page*)

1

limitations were not totally credible, Finding 5, Record at 17; that he retained the residual functional capacity to perform the exertional requirements of light work and that his impairments cause non-exertional limitations which limit this occupational base, Finding 7, *id*.; that the plaintiff's past relevant work did not require the performance of work-related activities precluded by his residual functional capacity, Finding 8, *id*.; and that, since his medically determinable impairments did not prevent the plaintiff from performing his past relevant work, he was not under a disability as that term is defined in the Social Security Act at any time through the date of the decision, Findings 8-10, *id*. The Appeals Council declined to review the decision, *id*. at 5-7, making it the final determination of the commissioner, 20 C.F.R. § 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential review process. At Step 4, the claimant bears the burden of proof of inability to return to past relevant work. 20 C.F.R. § 416.920(e); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step the commissioner must make findings of the plaintiff's residual functional capacity and the physical and mental demands of past work and determine whether the plaintiff's residual functional capacity would permit performance of that work.

---

416.935(b).

20 C.F.R. § 416.920(e); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62"), at 813.

## Discussion

The plaintiff contends that the residual functional capacity used by the administrative law judge in his hypothetical question to the vocational expert was not supported by the reports of the state-agency psychological reviewers and that, when his representative asked a hypothetical question based on one of those reports, the vocational expert replied that the plaintiff could not return to his past relevant work, a response which the administrative law judge should have adopted. Statement of Specific Errors ("Statement of Errors") (Docket No. 6) at 1-3.

The administrative law judge posed the following hypothetical question to the vocational expert:

> He doesn't have any exertional limitations. But he needs work that involves simple instructions to understand, recall, and carry out. No more th[a]n the occasional incidental public contact. He needs to have a job where he doesn't have to coordinate work activity more th[a]n occasionally with coworkers. It needs to be repetitive work. He would still have occasional mild anxiety, depression, but those symptoms would allow enough attent[ive]ness and respons[ive]ness to carry out normal work assignments within the RFC satisfactorily. And that's assuming that he is being treated for the anxiety and depressive disorders and is not abusing alcohol.

Record at 54. The vocational expert responded that the plaintiff could return to his jobs as a night cleaner, groundskeeper, warehouse worker and driver's assistant. *Id*. at 54-55.

The plaintiff's representative then asked the following hypothetical question:

> So I want you to assume the same individual who has a moderate inability to . . . understand and remember detailed instructions; a moderate to marked inability to carry out detailed instructions; a moderate inability to maintain attention and concentration for extended periods; a moderate inability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; a moderate inability to work in coordination with or in proximity to others without being distracted by them; a moderate inability to complete a normal workday and workweek without

3

> interruptions from psychologically based symptoms and to perform at a . . . consistent . . . pace without an unreasonable number and length of rest periods; a marked inability to interact appropriately with the general public; a moderate inability to accept instructions and respond appropriately to criticism from supervisors; a moderate inability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; a moderate inability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness; a moderate [in]ability to respond appropriately to changes in the work setting; and a moderate inability to travel in unfamiliar places or use public transportation.

*Id*. at 56-57. The vocational expert responded that such an individual would not be able to perform the jobs she had listed in response to the administrative law judge's hypothetical question. *Id*. at 57.

The plaintiff contends that the latter question is based on the report of Thomas A. Knox, PhD., one of two state-agency reviewers, some of whose concerns are not reflected in the administrative law judge's hypothetical question. Statement of Errors at 3. He argues that the administrative law judge was required to include all of the limitations assigned by Dr. Knox in any hypothetical question to the vocational expert and that his failure to do so requires remand. *Id*. at 3-4. He asserts that Dr. Knox's report is "very similar" to that of the other state-agency reviewer, David R. Houston, PhD., and "consistent with" the findings of a consulting psychologist, David W. Booth, PhD., who saw the plaintiff twice at the request of the administrative law judge. *Id*. at 4-5.

The hypothetical question posed by the plaintiff's representative is taken from two pages of Dr. Knox's report, Record at 162-63, a form on which boxes were checked by Dr. Knox after each of 20 statements. The representative did not mention those statements for which Dr. Knox checked the box under the heading "Not Significantly Limited" and chose to cast each of the other statements as "a moderate inability" rather than as "a moderately limited ability to," which would have been a more accurate presentation of the information on the form. The question as posed does not account for Dr. Knox's notes, which include the following:

4

> A — C[onsultative] E[xamination] psychologist opines [claimant] should be able to understand & remember work information. Memory was "fair" at CE. Cognitive ability estimated to be normal. [Claimant] can understand & retain at least simple instructions.
>
> B — Thoughts were clear at CE. CE psychologist opines difficulty [with] concentration & persistence due to anxiety. However, [claimant] reports in Adult Function Form he prepares simple meals, watches TV 8 hours per day without difficulty understanding or concentrating, handles his own money. He can carry out simple tasks in 2-h[ou]r blocks.
>
> C — Dr. Booth opines social difficulty due to anxiety. [Claimant] describes anxiety [with] avoidance in dealing [with] the public at this father's motel. However, he says in Adult Function Form he can shop independently & he visits [with] others. [Claimant] can interact appropriately [with] coworkers & supervisors, not [with] the public.
>
> D — He can adapt to minor changes in routine.

*Id*. at 164-65. The statement that the plaintiff "can interact appropriately with coworkers and supervisors" appears to be inconsistent with Dr. Knox's checking of the box for "Moderately Limited" in the categories of "The ability to accept instructions and respond appropriately to criticism from supervisors" and "The ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes," *id*. at 163, and the statement that he "can adapt to minor changes in routine" appears to be inconsistent with his checking of the same box for the category "The ability to respond appropriately to changes in the work setting," *id*. If Dr. Knox's notes are not inconsistent with these sections of the form, they demonstrate that the degree of limitation that Dr. Knox meant to suggest in checking "Moderately Limited" is significantly less than that which must have been inferred by the vocational expert.

Dr. Houston's report differs from that of Dr. Knox in two categories: he finds only a moderate limitation on the ability to carry out detailed instructions and no significant limitation on the ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness. *Id*. at 144-45. Given the nature of the jobs at issue — night cleaner, groundskeeper, warehouse

5

worker and driver's assistant — these two categories could well have been weighed more heavily in the vocational expert's response than some or all of the other categories on which the two reviewing psychologists agreed. Dr. Houston's notes follow:

> A — CE estimated average intelligence. He can understand & remember simple instructions.
> B — Routine tasks can be carried out. He can prepare meals, shop & watch T.V. without problems.
> C — He does report socializing with friends. No work with the public; he can interact with co-workers & supervisors.
> D — Just simple changes can be adapted to.

*Id.* at 146. Again, the reviewer states directly that the plaintiff can interact with coworkers and supervisors. If this statement does not conflict with his indication of moderate limitations on the abilities to accept instructions and criticism from supervisors and to get along with coworkers, then the statement does indicate what a "moderate limitation" means to Dr. Houston, and this information should also have been presented to the vocational expert in order to present an accurate picture of the reviewer's evaluation.

Dr. Booth's second report concludes:

> In a work environment, Mr. Proctor should be able to understand and remember information. It is likely that he would have difficulty concentrating on work requirements and persisting with tasks, as a result of acute anxiety. It would be expected that he would have difficulty responding in an appropriate and comfortable way to others in a work setting, where it would be expected that anxiety would be prominent.

*Id.* at 226. As noted, Dr. Knox rejected Dr. Booth's conclusions concerning the likely effects of the plaintiff's anxiety.

The administrative law judge's question was not inconsistent with the findings of any of the three psychologists. Contrary to the plaintiff's argument, the question did not omit the state agency reviewers' limitations regarding "concentration, persistence, attention, and response." Statement of Errors at 5. They are included, to the extent warranted when the psychologists' corresponding notes

6

are considered, in the portions of the hypothetical that prescribe "work that involves simple instructions to understand, recall, and carry out" and "a job where he doesn't have to coordinate work activity more than occasionally with coworkers" and "[i]t needs to be repetitive work." Record at 54. *See Arocho v. Secretary of Health & Human Servs.*, 670 F.2d 374, 375 (1st Cir. 1982). When the reviewers' reports are considered in full, rather than by merely repeating the checked categories from a form, the administrative law judge's hypothetical question was sufficient. Nothing in SSR 82-62, the only authority cited by the plaintiff, Statement of Errors at 5, requires a different result. *See generally Smith v. Barnhart*, 222 F.Supp.2d 78, 82-83 (D. Me. 2002); *see also Bohn-Morton v. Commissioner of Soc. Sec.*, 389 F.Supp.2d 804, ___ (E.D.Mich. 2005).

## Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of November, 2005.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge